UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DAVE A. THOMAS, #315741

           Petitioner,

v.                                        2:06CV338

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

           Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (c), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

## I.  STATEMENT OF THE CASE

### A.  Background

On October 24, 2002, in the Circuit Court for the City of Norfolk, Virginia, petitioner was convicted of murder and use of a knife in the commission of a felony. Petitioner's convictions came after two previous trials, the first conducted on March 8, 2002, and the second on August 9, 2002, both of which ended in mistrial with a hung jury. On December 13, 2002, petitioner was sentenced to twenty-five years imprisonment.

Petitioner appealed his convictions in the Virginia Court of Appeals, and on July 23, 2003, the appeal was denied by a single judge, but on December 23, 2003, a three-judge panel granted the petition. On June 8, 2004, the court affirmed petitioner's convictions. Petitioner

appealed to the Supreme Court of Virginia, but on January 7, 2005, the appeal was denied.  Petitioner then filed a writ of <u>certiorari</u> in the United States Supreme Court, but the writ was denied on June 13, 2005. Petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, which was dismissed on May 16, 2006.

On June 9, 2006, petitioner filed a petition for writ of habeas corpus in this Court, and on August 22, 2006, respondent filed a motion to dismiss and Rule 5 answer.  The matter is now ripe for consideration.

## **B.  Grounds Alleged**

Petitioner alleges the following grounds:

1.   Petitioner was denied the right to a speedy trial;

2.   Petitioner was prejudiced by the trial court's abuse of discretion in denying a variety of petitioner's motions, refusing to admit certain evidence, and showing general prejudice against petitioner;

3.   Petitioner was the victim of numerous instances of prosecutorial misconduct;

4.   Ineffective assistance of counsel because counsel:

a.   failed to obtain "potential witnesses" for trial;

b.   failed to hire an investigator and a forensic scientist to conduct independent examinations of petitioner's case;

c.   failed to object to the introduction of a 911 tape as hearsay and unduly prejudicial;

d.   failed to move to suppress the bloodstained denim shirt petitioner was wearing;

e.   failed to have DNA analysis done on a bloodstained pillow;

f.   failed to obtain the dispatch tapes from a police pursuit of petitioner following the incident;

g.   failed to call any character witnesses or petitioner's real estate agent to testify on petitioner's behalf and failed to obtain a psychiatric examination of petitioner;

h.   failed to object to the prosecutor's closing argument during petitioner's second trial;

I.   failed to introduce into evidence a photograph of a bridge;

j.   failed to investigate petitioner's complaints of jury tampering;

k.   failed to adequately cross-examine two eye-witnesses to the incident;

l.   failed to request permission to treat the eye-witnesses as hostile witnesses;

m.   failed to cross-examine the medical examiner regarding the existence or absence of a bruise on the victim's body;

n.   failed to obtain a "tape" from the Norfolk traffic court to impeach the testimony of the officer who pursued petitioner immediately after the incident;

o.   advised petitioner of his right to represent himself;

p.   failed to object to the introduction of evidence regarding the contents of petitioner's van at the time of petitioner's arrest;

q.   advised petitioner that the only meritorious issue for appeal was the alleged denial of petitioner's right to a speedy trial;

r.   failed to investigate petitioner's claims that members of the jury were sleeping;

s.   failed to object to the red bracelet petitioner was required to wear during trial; and

5.    The evidence against petitioner was insufficient for a conviction.

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993).  The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely.  In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference.  See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B.  Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law.  In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court.  See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)).  As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations.  Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

### C.  Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A)  the applicant has exhausted the remedies available in the courts of the State; or

5

(B)(I) there is an absence of available
State corrective process; or

(ii) circumstances exist that render such
process ineffective to protect the rights of the
applicant.

. . . .

© An applicant shall not be deemed to have
exhausted the remedies available in the courts of
the State, within the meaning of this section, if
he has the right under the law of the State to
raise, by any available procedure, the question
presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus
must be the same claim as that presented in state proceedings. See
Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421
U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir.
1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see
also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513
U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir.
1997). Respondent concedes, and the Court agrees, that for purposes of
federal review, petitioner's claims are exhausted.

### D.  Claims 2, 3, and 5 are Procedurally Defaulted.

Under Virginia law, a claim included in a petition for habeas
corpus will be barred if an objection was not raised at trial and the
objection presented on direct appeal. In Coppola v. Warden of Virginia
State Penitentiary, 282 S.E.2d 10 (Va. 1981), the Supreme Court of
Virginia held that to preserve an issue for appeal and for a habeas
corpus proceeding, the issue must be timely objected to at trial. Rule
5:25 of the Supreme Court of Virginia states the contemporaneous
objection rule:

> Error will not be sustained to any ruling of the
> trial court or the commission before which the case
> was initially tried unless the objection was stated
> with reasonable certainty at the time of the ruling
> . . . .

Va. S. Ct. R. 5:25.

The Supreme Court has stated that: "Under Virginia law, failure to raise a claim on direct appeal from a criminal conviction ordinarily bars consideration of that claim in any subsequent state proceeding." Smith v. Murray, 477 U.S. 527, 533 (1986). The Fourth Circuit has held that if a claim is procedurally barred in Virginia courts because it was not brought on direct appeal, it will also be barred in the federal system. Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).[1] In Whitley v. Bair, 802 F.2d 1487 (4th Cir. 1986), the court held that the failure of an inmate to directly appeal his conviction to the Supreme Court deprives

> the Virginia Supreme Court of the opportunity to
> rule on the merits of his claims. We consider such
> failure to constitute a violation of the
> requirements of Rule 5:21, which applies to appeals
> of all Virginia cases, civil or criminal, and
> conclude that such violation constitutes a
> procedural default sufficient to preclude federal
> court review of the merits . . . .

Id. at 1502 (citing Va. S.Ct. R. 5:21, repealed and reinstated in substantially similar form as, Va. S.Ct. R. 5:17, 5:25). In Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), the Virginia Supreme Court stated a similar proposition:  "[a] petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error." The Supreme Court of the United States recently addressed the same issue

---

[1]   The court in Bassette relied on section 8.01-654(B)(2) of the Virginia Code.  Bassette, 915 F.2d at 936.  Section 654 (B)(2) states: "No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." VA. CODE ANN. § 8.01-654 (B)(2)(Michie 1992).

in <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991).  The Court held that the doctrine of procedural default will bar a federal habeas petition when a prisoner fails to meet a state procedural requirement.  <u>Id.</u> at 750. Speaking for the Court, Justice O'Connor said:

> We now make it explicit:  In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. . . . We now recognize the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them.

<u>Id.</u> at 750.

Moreover, the federal court is required to dismiss a procedurally defaulted claim absent a showing of justifiable cause resulting in actual prejudice.  <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977). Petitioner has not made a showing of justifiable cause for his failure to appeal the aforementioned issues to the Court of Appeals and the Supreme Court of Virginia.  Therefore, the issue of actual prejudice need not be addressed.

Petitioner appealed his convictions, but the only issue he raised was the allegation that he++ was deprived of his right to a speedy trial.  Therefore, Claim 2 (abuse of discretion by the trial court), Claim 3 (prosecutorial misconduct), and Claim 5 (insufficiency of the evidence), are procedurally defaulted and are thus barred from consideration by this Court.  Accordingly, Claims 2, 3, and 5 should be DISMISSED.

### E.  Petitioner's Statutory Right to a Speedy Trial (Claim 1) is Without Merit.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (citations omitted).  In the arena of habeas corpus, federal courts are allowed to "intervene in the state judicial process only to correct wrongs of a constitutional dimension." Wainwright v. Goode, 464 U.S. 78, 83 (1983) (citation omitted).  Therefore, if petitioner's claims do not allege a constitutional violation, his claims will fail because they are noncognizable in a federal habeas petition. See Ramdass v. Angelone, 530 U.S. 156, 120 S.Ct. 2113, 2119 (2000); Engle v. Isaac, 456 U.S. 107, 119 (1982); Weeks v. Angelone, 176 F.3d 249, 262 (4th Cir. 1999); Fisher v. Angelone, 163 F.3d 835, 854 (4th Cir. 1998); Huffington v. Nuth, 140 F.3d 572, 584 (4th Cir. 1998); Robinson v. Cross, 121 F. Supp.2d 882, 884 (E.D. Va. 2000); Satcher v. Netherland, 944 F. Supp. 1222, 1250 (E.D. Va. 1996); Griffin v. Virginia, 606 F. Supp. 941, 946 (E.D. Va. 1985).

Petitioner asserts that he had a statutory right to a speedy trial based upon section 19.2-243 of the Virginia Code.  However, since petitioner bases his claim upon the Constitution of Virginia, instead of the United States Constitution, the claim is noncognizable in this Court.  The Sixth Amendment and Article I, § 8 of the Virginia Constitution both guarantee petitioner a right to a speedy trial, and there is no difference between the state and federal guarantees. Holliday v.

Commonwealth, 352 S.E.2d 362, 364 (Va. Ct. App. 1987).  The Court will,
however, address the issue on the merits.

As pointed out by the Virginia Court of Appeals, analysis of
petitioner's constitutional right to a speedy trial turns upon the
balancing of four factors: (1) the length of the delay, (2) the reason
for the delay, (3) the timely assertion of the right to a speedy trial
by a defendant, and (4) whether the defendant suffered any prejudice as
a result of the delay.  Barker v. Wingo, 407 U.S. 514, 530 (1972).

The Fourth Circuit has held that a petitioner must not only
show that the delay violated fundamental conceptions of justice, fair
play, and decency, but also that he was prejudiced thereby.  Howell v.
Barker, 904 F.2d 889, 895 (4th Cir. 1990).  Petitioner's ability to
demonstrate prejudice resulting from any unjustifiable delays found is
paramount.

It is also important to note that petitioner's convictions
were affirmed by the Court of Appeals on direct appeal regarding the
speedy trial issue.  Both the Supreme Court of Virginia and the United
States Supreme Court denied further appeals on the issue.  When the
Supreme Court of Virginia refuses to grant an appeal from a decision of
the Court of Appeals, this Court is bound to accord a high measure of
deference to the findings of the Court of Appeals.  Fields v. Murray, 49
F.3d 1024, 1032-33 (4th Cir. 1995).

The first factor in the Barker test, length of the delay, is
the triggering mechanism for speedy trial analysis.  Barker, 407 U.S. at

530.  In petitioner's case, the Court of Appeals found that petitioner was continually incarcerated for almost fifteen months following his arrest through his third and final trial.  The Court agrees with the finding of the Court of Appeals that such a delay is sufficient to warrant full application of the Barker test.

Next, we must consider the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim.  Doggett v. United States, 505 U.S. 647, 652 (1992)(citing Barker, 407 U.S. at 533-34).  Although not a rigid requirement, the general rule is that a period of eight months is the bare minimum needed to trigger full application of the Barker test.  United States v. Woolfolk, 399 F.3d 590, 598 (4th Cir. 2005)(citing United States v. Cope, 312 F.3d 757, 778 (6th Cir. 2002)).  In light of recent Fourth Circuit opinions, the fifteen month delay in petitioner's situation is insufficient to weigh significantly in favor of petitioner.  See United States v. Grimmond, 137 F.3d 823, 827 (4th Cir. 1998); United States v. Thomas, 55 F.3d 144, 149-50 (4th Cir. 1995).

Analysis of the second factor in the Barker test reveals that there was a delay of 195 days between petitioner's first trial until the beginning of his final trial, of which 169 days were attributed to continuances by the Commonwealth of Virginia.  Of those 169 days, 116 days may be reasonably justified by the difficulties coordinating witnesses, illness of a witness, unavailability of a police officer, and

childcare needs for an out-of-state witness.  The remaining 53 days were due to a scheduling error in the Commonwealth's Attorneys' Office.

Admittedly, despite the lack of bad faith in the accidental scheduling error, the responsibility for such a simple example of negligence should, nevertheless, be considered to rest with the state and not with petitioner.  See Barker, 407 U.S. at 531.  Notwithstanding the scheduling error, the Court agrees with the Court of Appeals that 53 days, though weighed against the state, are not sufficient enough to significantly weigh in petitioner's favor.

Clearly weighing in petitioner's favor, is the fact that petitioner continually affirmed his readiness for trial and thereby asserted his right to a speedy trial.  Petitioner's determination in asserting his right to a speedy trial, along with the preservation of the issue on direct appeal, puts the third factor in Barker squarely within petitioner's corner.

Regarding the fourth factor in Barker, petitioner has simply failed to allege, with any amount of factual specificity, any potential or actual prejudice as a result of any undue delay.  This puts the entire weight of the fourth factor on the Commonwealth.  Thus, keeping in mind the deference due the Court of Appeals in this matter and in light of the fact that only the third factor is squarely within petitioner's camp, petitioner's claim that he was denied the constitutional right to a speedy trial cannot be maintained when the Barker test is applied in its entirety.

The Commonwealth may only be justly held accountable for approximately two months of undue delay due to the clerical error in scheduling.  Moreover, petitioner is unable to allege any real or potential prejudice which may have arisen as a result of the delay.  On the whole, the record does not merit reversal of petitioner's convictions.  The claim is without merit and should be DISMISSED.

**F.  Petitioner did not receive ineffective assistance of counsel**.

The standards upon which claims of ineffective assistance of counsel are to be judged are relatively clear.  They were established in Strickland v. Washington, 466 U.S. 668 (1984), and have been applied on numerous occasions by this Court.  In Strickland, the Supreme Court approved as the proper standard for attorney performance that of "reasonably effective assistance."  Id. at 687.  The Court stated:

> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.
>
> . . . .
>
> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 686-87.

There are, therefore, two elements of the Strickland test, each of which must be met before the conduct of counsel can be found constitutionally defective. First, petitioner must show that he received deficient legal representation, measuring the competency of his counsel against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." Savino v. Murray, 82 F.3d 593, 599 (4th Cir. 1996). Petitioner must also show actual prejudice; that is, he "must demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494 (1986); Poyner v. Murray, 964 F.2d 1404, 1425 (4th Cir. 1992)).

The burden on petitioner is to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. That translates into a reasonable probability that "absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

In analyzing trial counsel's performance under the "deficiency" prong of Strickland, a reviewing court is required to be highly deferential in scrutinizing counsel's tactics. See Bennett v. Angelone, 92 F.3d 1336, 1349 (4th Cir. 1996). Further, reviewing courts are admonished to "not permit the benefit of hindsight to impact . . . review." Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995)(citing Strickland, 466 U.S. at 689).

1.   <u>Cclaim 4(a)</u>

Petitioner alleges that his attorney was ineffective for failing to obtain potential witnesses for trial. However, petitioner does not assert who the potential witnesses would have been, whether they would have been able and willing to testify, and what their testimony would have been. Petitioner also does not mention how such testimony would have served to exonerate him. Petitioner has failed to show that his counsel's performance was deficient, as measured against what an objectively reasonable attorney would have done under similar circumstances, or that but for such alleged errors, the factfinder would have had reasonable doubt with respect to petitioner's guilt. The claim is without merit and should be DISMISSED.

2.   <u>Claim 4(b)</u>

Petitioner alleges that his attorney was ineffective for failing to hire an investigator and a forensic scientist to conduct independent examinations of petitioner's case. Yet, petitioner does not allege what information such an investigator and forensic scientist would have uncovered and how such evidence, if uncovered, would have served to show petitioner's innocence. Petitioner's broad statement that had such specialists been hired, his counsel would have learned that petitioner was innocent is insufficient. Petitioner has failed to show that counsel's performance was deficient, as measured against what an objectively reasonable attorney would have done under similar circumstances, or that but for such alleged errors, the factfinder would

have had reasonable doubt with respect to petitioner's guilt.  The claim is without merit and should be DISMISSED.

### 3.   Claim 4(c)

Petitioner alleges that his attorney was ineffective for failing to object to the introduction of a "911" tape as hearsay and inadmissible.  The record clearly establishes that petitioner's attorney did, in fact, object to the admission of the tape, and the objection was overruled. (10/22/02 Tr. at 7-8; 46.)

Petitioner's claim that his counsel failed to object to the introduction of the "911" tape in all three trials is irrelevant, as petitioner's first two trials resulted in mistrials.  Counsel's objection during the third trial alone is sufficient to render petitioner's claim meritless.  Petitioner has failed to show that counsel's performance was deficient, as measured against what an objectively reasonable attorney would have done under similar circumstances, or that but for such alleged errors, the factfinder would have had reasonable doubt with respect to petitioner's guilt.  The claim is without merit and should be DISMISSED.

### 4.   Claim 4(d)

Petitioner alleges that his attorney was ineffective for failing to move to suppress the bloodstained denim shirt petitioner was wearing at the time of his arrest, but petitioner does not explain why the evidence would be unduly prejudicial.  It is well understood that relevant evidence is only to be excluded as unduly prejudicial if its prejudicial effect substantially outweighs its probative value.  See

United States v. D'Anjou, 16 F.3d 604, 609 (4th Cir. 1994).  Petitioner's bloodstained shirt was admissible because the evidence was both material and relevant to the determination of petitioner's guilt or innocence. Petitioner fails to allege reasons why admission of the shirt would cause undue prejudice.  In not making a motion to suppress, which would have been pointless, petitioner's counsel acted well within his reasonable discretion.  Petitioner has failed to show that counsel's performance was deficient, as measured against what an objectively reasonable attorney would have done under similar circumstances, or that but for such alleged errors, the factfinder would have had reasonable doubt with respect to petitioner's guilt.  The claim is without merit and should be DISMISSED.

### 5.  Claim 4(e)

Petitioner alleges that his attorney was ineffective for failing to have DNA analysis done on a blood-stained pillow.  The record clearly establishes that the blood on the pillow was from the victim's boyfriend's cousin, who, three weeks prior to the murder, had used the pillow after having been injured in the head during a robbery.  (10/22/02 Tr/ at 102-04.)  Petitioner does not allege how DNA testing on the pillow would have proved his innocence.  Petitioner's broad allegation that DNA analysis would have proved that someone other than himself committed the crime is, at best, unsubstantiated speculation.  Petitioner has failed to show that counsel's performance was deficient, as measured against what an objectively reasonable attorney would have done under similar circumstances, or that but for such alleged errors, the factfinder would

have had reasonable doubt with respect to petitioner's guilt.  The claim is without merit and should be DISMISSED.

### 6.  Claim 4(f)

Petitioner alleges that his attorney was ineffective for failing to obtain the dispatch tapes from a police pursuit of petitioner following the murder.  Assuming the existence of such tapes, petitioner does not explain what the tapes would have shown and how their admission would have altered the outcome of the case.  Again, petitioner's broad allegation that such tapes would have proved that the Commonwealth's witnesses were fabricating, instead of telling the truth, is speculative and without any factual basis.  Petitioner has failed to show that counsel's performance was deficient, as measured against what an objectively reasonable attorney would have done under similar circumstances, or that but for such alleged errors, the factfinder would have had reasonable doubt with respect to petitioner's guilt.  The claim is without merit and should be DISMISSED.

### 7.  Claim 4(g)

Petitioner alleges that his attorney was ineffective for failing to call any character witnesses or petitioner's real estate agent to testify on petitioner's behalf and for failing to obtain a psychiatric examination of petitioner.  Petitioner does not address who the witnesses would have been, whether they would have been able and willing to testify, and what their testimony would have been. Further, petitioner's claim that his real estate agent would have testified that petitioner had

an appointment is without merit, as petitioner fails to allege how such testimony would have altered the outcome of the case.

Likewise, petitioner fails to identify what a psychiatric examination would have shown and how it would have altered the outcome of the case. Petitioner's general allegation of having suffered "emotional disturbance" is speculative and without any factual basis. Petitioner has failed to show that counsel's performance was deficient, as measured against what an objectively reasonable attorney would have done under similar circumstances, or that but for such alleged errors, the factfinder would have had reasonable doubt with respect to petitioner's guilt. The claim is without merit and should be DISMISSED.

### 8. Claim 4(h)

Petitioner alleges that his attorney was ineffective for failing to object to the prosecutor's closing argument, citing page 552, lines 1-25 of the trial transcript. The transcript for petitioner's final trial ends at page 467, however, there is a page 552 in the transcript of petitioner's second trial, which ended in mistrial. Yet, in stark contrast to Claim 4(h), the page indicates that petitioner's counsel objected to the prosecutor's closing argument, and the objection was overruled. Even if there had been no such objection, what happened in the second trial is entirely irrelevant with respect to petitioner's current claim. Petitioner has failed to show that counsel's performance was deficient, as measured against what an objectively reasonable attorney would have done under similar circumstances, or that but for

such alleged errors, the factfinder would have had a reasonable doubt with respect to petitioner's guilt.  The claim is without merit and should be DISMISSED.

### 9.  Claim 4(i)

Petitioner alleges that his attorney was ineffective for failing to introduce into evidence a photograph of the Hampton Boulevard Bridge.  Petitioner alleges that such a photograph would have shown that he did not go over the bridge during Officer Huckless' pursuit of him. Yet, petitioner fails to allege how his failing to drive over the bridge, even if proven by the photograph, would have been indicative of his guilt or innocence.  Petitioner has failed to show that his counsel's performance was deficient, as measured against what an objectively reasonable attorney would have done under similar circumstances, or that but for such alleged errors, the factfinder would have had reasonable doubt with respect to petitioner's guilt.  The claim is without merit and should be DISMISSED.

### 10.  Claim 4(j)

Petitioner alleges that his attorney was ineffective for failing to investigate petitioner's complaints of jury tampering. Petitioner raised this issue during his sentencing, but he admitted that the alleged jury tampering was not brought to anyone's attention during, or immediately after, the time when the incident was supposed to have occurred. (12/13/02 Tr. at 11-14.)  Both the trial judge and Master Deputy Robert Hoose, of the Norfolk Sheriff's Office, stated that they

had not witnessed any evidence of jury tampering. (12/13/02 Tr. at 14; 21-22.)  Furthermore, in a letter written to petitioner, petitioner's counsel stated he had no reason to believe that jury tampering had occurred.  (Letter of B. Thomas Reed, dated October 31, 2002, at 3.)  The evidence clearly shows that counsel did not have a good faith belief in the allegation that there had been jury tampering and was, therefore, reasonable in not pursuing the issue further.  The allegation falls short of the burden petitioner must meet under Strickland.  Petitioner has failed to show that counsel's performance was deficient, as measured against what an objectively reasonable attorney would have done under similar circumstances, or that but for such alleged errors, the factfinder would have had reasonable doubt with respect to petitioner's guilt.  The claim is without merit and should be DISMISSED.

### 11.  Claim 4(k)

Petitioner alleges that his attorney was ineffective for failing to adequately cross-examine Tangela Green and James Francis, two eye-witnesses to the murder.  However, the record indicates that petitioner's counsel did subject Green and Francis to exacting cross-examination. (10/22/02 Tr. at 51-108; 10/23/02 Tr. at 221-41.) Petitioner does not indicate what counsel could or should have done differently regarding the cross-examinations.  Furthermore, petitioner does not allege how the outcome of his trial would have been different had counsel corrected the alleged deficiencies in his cross-examination of Green and Francis.  Petitioner's general allegation that counsel

failed to properly conduct the cross-examinations is grossly insufficient with regard to meeting the <u>Strickland</u> standard.  Petitioner has failed to show that counsel's performance was deficient, as measured against what an objectively reasonable attorney would have done under similar circumstances, or that but for such alleged errors, the factfinder would have had a reasonable doubt with respect to petitioner's guilt.  The claim is without merit and should be DISMISSED.

### 12.  <u>Claim 4(l)</u>

Petitioner alleges that his attorney was ineffective for failing to request permission to treat Green and Francis as hostile witnesses.  However, this issue is moot.  Since both Green and Francis were witnesses for the prosecution, and the only benefit of the hostile witness rule is the ability to examine the witness according to the rules applicable to cross-examination, counsel already had the ability to treat Green and Francis as hostile witnesses during cross-examination.  <u>See</u> Va. Code Ann. § 8.01-401(A).  Petitioner has failed to show that counsel's performance was deficient, as measured against what an objectively reasonable attorney would have done under similar circumstances, or that but for such alleged errors, the factfinder would have had reasonable doubt with respect to petitioner's guilt.  The claim is without merit and should be DISMISSED.

### 13.  <u>Claim 4(m)</u>

Petitioner alleges that his attorney was ineffective for failing to cross-examine the medical examiner regarding the existence or

absence of a bruise on the victim's body. Petitioner alleges that Green testified that petitioner had his knee "in" the victim's body as he stabbed her. Ostensibly, petitioner wished to show that there was no bruising on the victim's body, thereby making it impossible that the stabbing, in the manner alleged, could have occurred. Nevertheless, the transcripts indicate that Green never testified that petitioner had his knee "in" the victim's body. Thus, petitioner is essentially alleging that counsel was ineffective for failing to ask an irrelevant question on cross-examination of the medical examiner. Petitioner has failed to show that counsel's performance was deficient, as measured against what an objectively reasonable attorney would have done under similar circumstances, or that but for such alleged errors, the factfinder would have had a reasonable doubt with respect to petitioner's guilt. The claim is without merit and should be DISMISSED.

## 14. Claim 4(n)

Petitioner alleges that his attorney was ineffective for failing to obtain a "tape" from the Norfolk traffic court to impeach Huckless, the officer who pursued petitioner immediately after the incident. Petitioner alleges that the tape would have shown where Huckless got "[t]he ideas." However, petitioner fails to state what the "ideas" are, what information regarding the "ideas" is supposed to be on the tape, and how a showing with regard to such "ideas" would serve to alter the outcome of the his case. Petitioner's blanket allegations of fabrication and evidence suppression by the Commonwealth and Huckless are

unsubstantiated and without any factual basis.  Petitioner has failed to show that counsel's performance was deficient, as measured against what an objectively reasonable attorney would have done under similar circumstances, or that but for such alleged errors, the factfinder would have had a reasonable doubt with respect to petitioner's guilt.  The claim is without merit and should be DISMISSED.

### 15.  Claim 4(o)

Petitioner alleges that his attorney was ineffective for advising petitioner of his right to represent himself.  The United States Supreme Court has held that the Sixth Amendment guarantee of the right to assistance of counsel also provides a criminal defendant with a constitutional right to represent himself without counsel if he so chooses.  Faretta v. California, 422 U.S. 806, 814-17 (1975).  Petitioner's counsel simply informed petitioner of the option to represent himself.  Such an act by counsel cannot be reasonably construed as deficient performance and could not have been outcome determinative.  Petitioner has failed to show that counsel's performance was deficient, as measured against what an objectively reasonable attorney would have done under similar circumstances, or that but for such alleged errors, the factfinder would have had a reasonable doubt with respect to petitioner's guilt.  The claim is without merit and should be DISMISSED.

### 16.  Claim 4(p)

Petitioner alleges that his attorney was ineffective for failing to object to the introduction of evidence with regard to the

contents of petitioner's van at the time of petitioner's arrest.  The
United States Supreme Court has held that "when a policeman has made a
lawful custodial arrest of the occupant of an automobile, he may, as a
contemporaneous incident of that arrest, search the passenger compartment
of that automobile."  New York v. Belton, 453 U.S. 454, 460 (1981).
Therefore, evidence as to the contents of petitioner's van, discovered
in the course of his arrest, was admissible.  Petitioner's counsel was
not deficient in his representation of petitioner for failing to make a
frivolous objection that such evidence was seized illegally, and thus
inadmissible.  Petitioner has failed to show that counsel's performance
was deficient, as measured against what an objectively reasonable
attorney would have done under similar circumstances, or that but for
such alleged errors, the factfinder would have had a reasonable doubt
with respect to petitioner's guilt.  The claim is without merit and
should be DISMISSED.

### 17.  Claim 4(q)

Petitioner alleges that his attorney was ineffective for
advising petitioner that the only meritorious issue for appeal was the
alleged denial of petitioner's right to a speedy trial.  The United
States Supreme Court has held that the selection of issues to address on
appeal is left to the discretion of counsel, and counsel need not address
every possible issue on appeal.  Jones v. Barnes, 463 U.S. 745, 751-52
(1983).  Furthermore, petitioner fails to articulate with sufficient
specificity what arguments he wanted counsel to raise on appeal and how

such arguments would have changed the outcome of his appeal.  Petitioner has failed to show that counsel's performance was deficient, as measured against what an objectively reasonable attorney would have done under similar circumstances, or that but for such alleged errors, the factfinder would have had a reasonable doubt with respect to petitioner's guilt.  The claim is without merit and should be DISMISSED.

### 18.  Claim 4(r)

Petitioner alleges that his attorney was ineffective for failing to investigate petitioner's claims that members of the jury were sleeping.  However, both the trial judge and Deputy Hoose stated that they had seen no signs of jurors sleeping.  (12/13/02 Tr. at 14, 21-22.) Petitioner is unable to name any of the alleged sleeping jurors, and he is unable to name and identify any witnesses whom he claimed also witnessed the sleeping jurors.  Petitioner has failed to show that counsel's performance was deficient, as measured against what an objectively reasonable attorney would have done under similar circumstances, or that but for such alleged errors, the factfinder would have had a reasonable doubt with respect to petitioner's guilt.  The claim is without merit and should be DISMISSED.

### 19.  Claim 4(s)

Finally, petitioner alleges that his attorney was ineffective for failing to object to a red bracelet petitioner was required to wear during trial.  However, petitioner fails to provide any evidence that the jury was aware of the bracelet or that the jury knew that the bracelet

was used for identification purposes by the Norfolk City Jail. Petitioner also fails to point out any actual prejudice which was suffered by him due to wearing the bracelet in court. Petitioner has failed to show that counsel's performance was deficient, as measured against what an objectively reasonable attorney would have done under similar circumstances, or that but for such alleged errors, the factfinder would have had a reasonable doubt with respect to petitioner's guilt. The claim is without merit and should be DISMISSED.

### III.  RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)©:

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to

another party's objections within ten days after being served with a copy thereof.

        2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

        The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).


                                        _____/s/_____
                                        **James E. Bradberry**
                                        **United States Magistrate Judge**

**Norfolk, Virginia**

 **March 2**_____, **2007**

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

Dave A. Thomas, #315741, <u>pro</u> <u>se</u>
Greensville Correctional Center
901 Corrections Way
Jarratt, VA  23870


Josephine F. Whalen, Esquire
Assistant Attorney General of Virginia
900 E. Main Street
Richmond, VA  23219


Fernando Galindo, Acting Clerk


By _____
              Deputy Clerk

_____, 2007