```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF VIRGINIA
                     Norfolk Division
```

**DAVE A. THOMAS,**

       **Petitioner,**

**v.**                                          **Civil Action No. 2:06cv338**

**GENE M. JOHNSON, Director,**
**Virginia Department of Corrections,**

       **Respondent.**

## FINAL ORDER

On August 8, 2001, Ms. Latisha Thomas was murdered in her home. She suffered sixteen stab wounds, three of which were fatal. A jury sitting in the Circuit Court of the City of Norfolk, Virginia convicted Petitioner Dave A. Thomas ("Thomas") of murdering Ms. Thomas (his stepdaughter) with a knife. See Va. Code § 18.2-32 & 53. Petitioner Thomas was sentenced to twenty-five years imprisonment.

Petitioner Thomas' conviction was affirmed by the Virginia Court of Appeals. Thomas v. Commonwealth, No. 155-03-01 (Va. Ct. App. June 8, 2004). The Supreme Court of Virginia refused Thomas' Petition for Appeal. Thomas v. Commonwealth, Record No. 041590 (Va. Jan. 7, 2005). The United States Supreme Court denied Thomas' Petition for a Writ of Certiorari. Thomas v. Virginia, 545 U.S. 1117 (2004). Thomas subsequently petitioned for a state Writ of Habeas Corpus, and the Virginia Supreme Court

dismissed the Petition. Thomas v. Warden, Record No. 052288 (Va. May 16, 2006).

This action is now before the Court on Thomas' federal pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. The Petition alleges that the Commonwealth of Virginia violated Petitioner Thomas' constitutional rights during his prosecution and trial for the first degree murder of his stepdaughter.

The matter was referred to United States Magistrate Judge James E. Bradberry for report and recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. Magistrate Judge Bradberry filed his Report and Recommendation on March 2, 2007. (Docket No. 9).

In his Report and Recommendation, Magistrate Judge Bradberry identified and considered the following grounds alleged by Petitioner Thomas:

1. Petitioner was denied the right to a speedy trial;

2. Petitioner was prejudiced by the trial court's abuse of discretion in denying a variety of petitioner's motions, refusing to admit certain evidence, and showing general prejudice against petitioner;

3. Petitioner was the victim of numerous instances of prosecutorial misconduct;

4. Ineffective assistance of counsel because counsel:

   a. failed to obtain "potential witnesses" for

        trial;

b.    failed to hire an investigator and a forensic scientist to conduct independent examinations of petitioner's case;

c.    failed to object to the introduction of a 911 tape as hearsay and unduly prejudicial;

d.    failed to move to suppress the bloodstained denim shirt petitioner was wearing;

e.    failed to have DNA analysis done on a bloodstained pillow;

f.    failed to obtain the dispatch tapes from a police pursuit of petitioner following the incident;

g.    failed to call any character witnesses or petitioner's real estate agent to testify on petitioner's behalf and failed to obtain a psychiatric examination of petitioner;

h.    failed to object to the prosecutor's closing argument during petitioner's second trial;

i.    failed to introduce into evidence a photograph of a bridge;

j.    failed to investigate petitioner's complaints of jury tampering;

k.    failed to adequately cross-examine two eyewitnesses to the incident;

l.    failed to request permission to treat the eyewitnesses as hostile witnesses;

m.    failed to cross-examine the medical examiner regarding the existence or absence of a bruise on the victim's body;

n.    failed to obtain a "tape" from the Norfolk traffic court to impeach the testimony of the officer who pursued petitioner immediately after the incident;

        o.    advised petitioner of his right to represent himself;

        p.    failed to object to the introduction of evidence regarding the contents of petitioner's van at the time of petitioner's arrest;

        q.    advised petitioner that the only meritorious issue for appeal was the alleged denial of petitioner's right to a speedy trial;

        r.    failed to investigate petitioner's claims that members of the jury were sleeping;

        s.    failed to object to the red bracelet petitioner was required to wear during trial; and

5. The evidence against petitioner was insufficient for a conviction.

(Docket No. 9, at 2-4).

Magistrate Judge Bradberry found none of these grounds persuasive and recommended that this Court deny Thomas' Petition for a Writ of Habeas Corpus (Docket No. 1) and grant the Motion to Dismiss (Docket No. 4) filed by Respondent Gene M. Johnson, Director, Virginia Department of Corrections (Respondent "Johnson"). Magistrate Judge Bradberry further concluded that Thomas failed to demonstrate "a substantial showing of the denial of a constitutional right" necessary to justify issuance of a Certificate of Appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. (Docket No. 9, at 25).

By copy of the Report and Recommendation, each party was advised of his right to file written objections to the findings and recommendations made by Magistrate Judge Bradberry. The Court received Petitioner Thomas' Objections (Docket No. 10) on March 15, 2007. Respondent Johnson did not object to the Report and Recommendation.

Petitioner Thomas' claims set forth in Grounds 1 and 4(a)-4(s) are **DENIED** as Petitioner Thomas has failed to show either that the state court unreasonably determined the facts or unreasonably applied federal law in dismissing his claims. <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000). Petitioner Thomas' claims set forth in Grounds 2, 3, and 5 are **DENIED** as Petitioner Thomas has failed to show cause for his failure to present the claims to the Virginia state courts and has failed to show a resulting prejudice or miscarriage of justice necessary for this Court to consider the merits of his claim. <u>Fisher v. Angelone</u>, 163 F.3d 835, 851 (4th Cir. 1998).

The Court, having reviewed the record and examined the objections filed by Petitioner Thomas to Magistrate Judge Bradberry's Report and Recommendation, and having made <u>de novo</u> findings with respect to the portions objected to, does hereby **ADOPT AND APPROVE** the findings and recommendations set forth in the Report and Recommendation of Magistrate Judge Bradberry, and it is, therefore, **ORDERED** that the Petition be **DENIED AND**

**DISMISSED WITH PREJUDICE** and that judgment be entered in favor of Respondent Johnson.

Petitioner Thomas is **ADVISED** that he may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. Petitioner Thomas has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a Certificate of Appealability. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

The Clerk is **DIRECTED** to send a copy of this Order to plaintiff, to all counsel of record, and to Magistrate Judge Miller.

**IT IS SO ORDERED.**

/s/
Walter D. Kelley, Jr.
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 30, 2007